**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4256**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JAMES D. WAITES,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, Chief District Judge.  (2:15-cr-00110-MSD-RJK-1)

Submitted:  October 15, 2019                Decided:  November 7, 2019

Before KING, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt,  Assistant Federal Public Defender, Alexandria, Virginia, Richard J. Colgan, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, John F. Butler, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James D. Waites appeals from the judgment of conviction entered after his guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012) (count 1), and using, carrying, and brandishing a firearm during and in relation to the crime of violence of Hobbs Act robbery charged in count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012) (count 2). Waites challenges the district court's denial of his motion to dismiss count 2 of the indictment, arguing that the district court should have dismissed this count because Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c). We affirm.

We "review de novo a district court's denial of a motion to dismiss an indictment where the denial depends solely on questions of law." *United States v. Said*, 798 F.3d 182, 193 (4th Cir. 2015). An offense under 18 U.S.C. § 924(c) arises when a defendant uses or carries a firearm during and in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Subsection (c)(3) of § 924 defines the term "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This section is known as the § 924(c) force clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). Subsection (c)(3) of § 924 also defines a crime of violence as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). This section is known as the § 924(c) residual clause. *Fuertes*, 805 F.3d at 498.

Waites argues that Hobbs Act robbery does not qualify as a crime of violence under the § 924(c) force clause and also does not qualify as a crime of violence under the § 924(c) residual clause because, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (holding residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (2012), is unconstitutionally vague), that clause is unconstitutionally vague. Although the § 924(c) residual clause is unconstitutionally vague following *Johnson*, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *United States v. Simms*, 914 F.3d 229, 232-33, 252 (4th Cir.) (en banc), *cert. denied*, No. 18-1338, 2019 WL 4923463 (U.S. Oct. 7, 2019), "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)," *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). The district court's determination in its order denying Waites' motion to dismiss count 2 that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) thus does not amount to reversible error.

Accordingly, we remove this appeal from abeyance[*] and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We previously placed this appeal in abeyance for No. 15-4433, *United States v. Ali*. In light of our decision in *Mathis*—which disposes of Waites' challenge to the district court's determination that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)—we remove this appeal from abeyance and affirm.